# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In the Matter of the Seizure of: | ) |
| | ) |
| CERTIFICATE OF DEPOSIT | ) |
| #8400367396-1 LOCATED AT: | ) |
| MIDFIRST BANK (MFB), IN THE | ) |
| NAMES OF RAY CRAIG AND | ) |
| MARGARET E. CRAIG, | ) |
| Case No. M-11-31-P, et al., | ) |
| | ) |
| vs. | ) |
| | ) |
| RAY CRAIG, SR.; | ) |
| MARGARET CRAIG; | ) |
| RAY CRAIG, JR., and | ) |
| CRAIG PC SALES AND SERVICE, LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. CIV-11-162-M |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Before the Court is plaintiffs' Motion for Immediate Release of Property, for Unsealing of Court Files, for Immediate Release and/or Return of Funds in Account Number 114723 Located at the Chickasaw Bank and Trust and for Return of Two Vehicles Namely One 2007 Chevrolet Colorado and One 2008 Chevrolet Tahoe, for Copies of the Seized Paper and Electronic Books, Records, and Equipment of Craig PC, and for Order Compelling the Department of Justice to Cease and Desist ("Motion for Immediate Release of Property"), filed February 17, 2011. On February 22, 2011, the government filed its response; plaintiffs filed their reply, and the government filed its Supplement to Response to Motion for Immediate Release of Property. On February 23, 2011, plaintiffs filed their Supplemental Reply to the United States of America's Supplemental Response

to Plaintiffs' Motion for Return of Property. The Court conducted a hearing on plaintiffs' Motion for Immediate Release of Property on February 23, 2011.

I.  Introduction

Plaintiff Craig PC Sales and Services, LLC ("Craig PC") sells computers to school districts located in Oklahoma and thereafter provides servicing for the same. Plaintiff Ray Craig, Jr. owns 95% of the membership interest in Craig PC, and plaintiff Ray Craig, Sr. owns 5% of the membership interest in Craig PC. Plaintiff Margaret Craig is married to Ray Craig, Sr. and has no part in Craig PC.

On January 25, 2011, United States Magistrate Judge Gary M. Purcell issued seizure warrants based upon probable cause in matter numbers M-11-19-P through M-11-45-P. The probable cause affidavit in support of the warrants was ordered to be sealed by Magistrate Judge Purcell. The seizure warrants are part of an on-going investigation by the Federal Bureau of Investigation ("FBI") involving allegations that Craig PC has been selling millions of dollars of Microsoft software to public school districts and private businesses without paying for required Microsoft licenses.

On January 27-31, 2011, FBI agents executed the warrants and seized plaintiffs' property. Further, on January 27, 2011, the United States Attorney's Office sent letters to the superintendents of the affected school districts, advising them that the FBI would be contacting the school districts to review computers to collect any evidence of copyright infringement. On February 22, 2011, the FBI, pursuant to 18 U.S.C. § 983(a)(1)(A)(i), mailed written notice of a pending administrative forfeiture to all interested parties related to the property seized pursuant to the seizure warrants in matter M-11-31-P, the property at issue in plaintiffs' Motion for Immediate Release of Property.

II.  Discussion

Plaintiffs now move this Court, pursuant to Federal Rule of Criminal Procedure 41(g) for the immediate release/return of two vehicles and of funds in account number 114723 located at the Chickasaw Bank and Trust, for the unsealing of the probable cause affidavit, for copies of the seized paper and electronic books, records and equipment of Craig PC, and for orders compelling the Department of Justice to cease and desist.

A.  Return of property

Federal Rule of Criminal Procedure 41(g) provides:

> **(g) Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). "[A] showing of both irreparable injury and inadequate remedies at law is . . . necessary for jurisdiction over a pre-indictment Rule 41([g]) motion . . . ." *In the Matter of the Search of the Premises Known as 6455 South Yosemite, Englewood, Colo.*, 897 F.2d 1549, 1556 (10th Cir. 1990). Further, "Rule 41([g]) jurisdiction should be exercised with caution and restraint." *Frazee v. Internal Revenue Serv.*, 947 F.2d 448, 449 (10th Cir. 1991).

Having carefully reviewed the parties' submissions, and having heard the statements of counsel at the hearing, the Court finds that plaintiffs have an adequate remedy at law and that this Court, therefore, should not exercise jurisdiction over plaintiffs' Rule 41(g) motion. Specifically, the Court finds that the statutory administrative forfeiture provisions set forth in 18 U.S.C. § 983 provide plaintiffs with an adequate remedy at law. Written notice of the administrative forfeiture

regarding the property at issue has been mailed to all interested parties; thus, the administrative forfeiture has been initiated. Further, the Court finds that plaintiffs' alleged substantial hardship does not make the administrative forfeiture provisions inadequate. Those provisions specifically provide an avenue of redress for claimants who seek the immediate return of property because of a substantial hardship. *See* 18 U.S.C. § 983(f).

B. Unsealing of probable cause affidavit

Plaintiffs also move this Court to unseal the probable cause affidavit. Having carefully reviewed the parties' submissions, and having heard the statements of counsel, the Court finds that the government has a compelling reason for the continued sealing of the probable cause affidavit and that plaintiffs' request for a pre-indictment disclosure of the probable cause affidavit should be denied. Specifically, the Court finds that the unsealing of the affidavit would harm the FBI's on-going investigation through the identification of witnesses and other evidence crucial to the investigation.

III. Conclusion

Accordingly, the Court FINDS that it does not have jurisdiction over plaintiffs' Motion for Immediate Release of Property [docket no. 2] and DENIES plaintiffs' request to unseal the probable cause affidavit.

**IT IS SO ORDERED this 24th day of February, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE